UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANE DOE, as guardian ad litem of MARY DOE, a minor,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF ORTING, a municipality; CITY OF ORTING POLICE DEPARTMENT, a division of the City of Orting; BRIAN GARRETT BURNSHIRE, and DOES 1 through 5, inclusive,<br><br>    Defendants. | Case No. C04-5302FDB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO AMEND THE CAPTION |

Defendants City of Orting and the City of Orting Police Department (the City) move to amend the caption pursuant to Fed. R. Civ. P. 17(a) to remove Jane Doe as guardian ad litem and to substitute for Mary Doe the real name of that Party. Defendant argues that because it is undisputed that Mary Doe turned eighteen years old on October 20, 2004, her mother Jane Doe is not a real party in interest under Fed. R. Civ. P. 17(a) and has no authority to bring this action on behalf of her daughter under Fed. R. Civ. P. 17(c). Plaintiff agrees with the request to remove from the caption "Jane Doe, as guardian ad litem."

The City argues that the real name of Mary Doe should be substituted in the caption because

ORDER - 1

every cause of action should be prosecuted in the name of the real party in interest, Fed. R. Civ. P. 10(a) and 17(a) and that plaintiffs "use of fictitious names runs afoul of the public common law right of access to judicial proceedings." *See Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The City argues that Plaintiff has not satisfied her burden of demonstrating a need to proceed anonymously.

Plaintiff argues that courts permit parties to proceed using a pseudonym under the following circumstances: (1) when the identification creates a risk of physical or mental harm from retaliation; (2) when anonymity is needed to preserve privacy in sensitive and "highly personal" matters, and (3) when the anonymous party must admit an intent to participate in an illegal act. *Does v. Advanced Textile Corporation*, 214 F3d 1058, 1068 (9th Cir. 2000). Plaintiff argues that her remaining anonymous would not prejudice the City, the public's need to know her identify is minimal, and since her friends and community have discovered the facts supporting her lawsuit, Plaintiff has lost her friends, she has been shamed, she stopped attending her school, discontinued involvement in the Orting Police Department and its programs, and she is anxious and paranoid about what people are thinking about her. Plaintiff further asks that the Court redact Plaintiff's true name from the City's motion to amend.

The City argues that Plaintiff continued her relationship with Defendant Burnshire in spite of a court order prohibiting such contact. (Buchanan Decl. Ex 1, 122:21– 124:1.) Plaintiff has not offered any expert testimony in support of her mental health. While Plaintiff states that she is embarrassed by her prior relationship with Burnshire, "[t]he risk that a plaintiff may suffer some embarrassment is not enough" to rebut the "presumption of openness." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). Plaintiff concedes that her friends, family, and community are already aware of the relationship she had with Defendant Burnshire.

The Court agrees that the caption should be amended to reflect the true name of the real party in interest for the reasons that the City has shown.

ORDER - 2

1   ACCORDINGLY, IT IS ORDERED: Defendants' Motion To Amend the Caption Pursuant

2  To Fed. R. Civ. P. 17(a) [Dkt. # 33] is GRANTED, and the caption will be amended to reflect "Jane

3  Doe's" dismissal as guardian ad litem and substitution of Kingsley Simpson in place of "Mary Doe."

4   DATED this 13th day of June, 2005.

6   FRANKLIN D. BURGESS
7   UNITED STATES DISTRICT JUDGE

26  ORDER - 3